**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| Calumet Specialty Products Partners, L.P., Calumet Refining, LLC, and Calumet Shreveport Refining, LLC<br><br>Versus<br><br>Infrassure Ltd. | Civil Action No.<br><br>Judge<br><br>Magistrate Judge |

**NOTICE OF REMOVAL**

Defendant, Infrassure Ltd. ("Infrassure"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, submits this Notice of Removal of this action to the United States District Court for the Middle District of Louisiana. In support of this Notice of Removal, Infrassure states as follows:

**I.     State Court Action.**

Plaintiffs, Calumet Specialty Products Partners, L.P., Calumet Refining, LLC, and Calumet Shreveport Refining, LLC (collectively, "Plaintiffs"), filed this action against Infrassure and other defendants on October 21, 2019 in the 19th Judicial District Court for East Baton Rouge Parish, Louisiana, Docket No. 689530, Div. "D." A copy of Plaintiffs' Petition, which was served on Infrassure on October 31, 2019, is attached as Exhibit A.

In addition to Infrassure, the Petition also named the following defendants: National Union Fire Insurance Company of Pittsburgh, PA, ACE American Insurance Company, General Security Indemnity Company of Arizona, XL Insurance America, Inc., Houston Casualty Company, Pembroke Syndicate #4000 and Syndicate #1221, Swiss Re International SE (UK Branch), Great Lakes Reinsurance (UK) PLC, Partner Re Ireland Insurance Ltd., HDI Global Specialty SE, and Certain Underwriters at Lloyds identified as Talbot Underwriting Ltd. Syndicate #1183, Catlin Syndicate #2003, Argo Syndicate #1200, and Brit Insurance Syndicate #2987 (hereinafter collectively referred to as the "Settling Defendants").

## II.     Diversity Jurisdiction: Complete Diversity of Citizenship Exists.

In the Petition, Plaintiffs are alleged to be "citizens of every state of the United States." Exhibit A, Plaintiffs' Petition, at ¶2. Calumet Specialty Products Partners, L.P. is alleged (i) to be a limited partnership existing under the laws of the State of Delaware with its principal place of business in Indiana; (ii) to be held in common by general and limited partners, which includes citizens of every state; (iii) to have a general partner, Calumet GP, LLC, a Delaware limited liability company; and (iv) to have 77,177,159 limited partner common units. Additionally, Calumet Refining, LLC and Calumet Shreveport Refining, LLC are alleged to be Delaware limited liability companies with their principal places of business in Indiana.

Infrassure is a corporate entity existing under the laws of Switzerland and has its principal place of business in Zürich, Switzerland. Infrassure is a wholly-owned subsidiary of Infrassure Holding AG, a corporate entity also registered in Switzerland. As a result, Infrassure is completely diverse from Plaintiffs because it is a citizen of a foreign country and not a citizen of the United States. Under 28 U.S.C. § 1332(a)(2), complete diversity of citizenship exists when an action is between "citizens of a State and citizens or subjects of a foreign state."[1] Moreover, the nature of this case is not a "direct action" on a policy of "liability insurance" as set forth in 28 U.S.C. § 1332(c)(1).[2] Indeed, federal courts have found complete diversity in lawsuits between plaintiffs who were citizens of the United States and Infrassure.[3]

---

[1] 28 U.S.C. § 1332(a)(2) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.").

[2] *See, e.g.*, *Med. Research Centers, Inc. v. St. Paul Prop. And Liab. Ins.*, 303 F. Supp. 2d 811 (E.D. La. 2004) (direct action provision of diversity jurisdiction statute was not applicable to destroy diversity of citizenship between Louisiana insureds and their Minnesota property insurer on breach of contract claim).

[3] *See Sinclair Wyoming Ref. Co. v. Infrassure Ltd.*, No. 15-CV-194 (D. Wyo. 2015); *see also Nustar Energy LP v. Infrassure Ltd.*, No. 5:16-CV-265 (W.D. Tex. 2016).

Although Plaintiffs' Petition originally named the other non-diverse Settling Defendants as parties, Infrassure has received "other papers" that the Settling Defendants have reached a settlement with Plaintiffs, which will dismiss the Settling Defendants from the state court lawsuit with prejudice.[4] Out of an abundance of caution, and considering the interpretation of the phrase "other papers" by courts within the U.S. Fifth Circuit Court of Appeals, Infrassure files its notice of removal within thirty (30) days of receipt of these other papers.

Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable."[5] For a document to be considered an "other paper" under Section 1446(b)(3), it "must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction."[6] The Fifth Circuit has recognized that an "other paper" includes correspondence between parties,[7] and district courts within the Fifth Circuit have found that a defendant's receipt of a settlement agreement between plaintiffs and the nondiverse defendants was an "other paper" sufficient to trigger the 30-day removal period.[8]

---

[4] Exhibit B, December 19, 2019 Email Correspondence from Dick Urquhart, counsel for the Settling Defendants, to Tod Phillips, counsel for Infrassure ("Tod – We have a settlement in principal and expect dismissal with prejudice shortly after the new year. Best regards, Dick."); *see also* Exhibit C, December 30, 2019 Email Correspondence from Don Cazayoux, counsel for Plaintiffs, to Frank Neuner, counsel for Infrassure ("Settlement has not been totally completed at this point. We will certainly let you know once that is done.").

[5] 28 U.S.C. § 1446(b)(3) (emphasis added).

[6] *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); *see also Ford v. Shoney's Restaurants, Inc.*, 900 F. Supp. 57, 59 (E.D. Tex. 1995) ("[T]he thirty day removal period begins to run when defendant receives the requisite written notice of facts making the case removable.").

[7] *See Addo*, 230 F.3d at 494 (demand letter advising that the amount in controversy exceeded $75,000).

[8] *Fernando Garcia v. MVT Servs., Inc.*, 589 F. Supp. 2d 797, 803 (W.D. Tex. 2008) (granting the plaintiff's motion to remand and concluding that the deadline to remove the case was triggered prior to the plaintiff's filing of an amended petition dismissing the non-diverse defendants).

At least one district court within the Fifth Circuit has held that "settlement negotiations via e-mail between the parties" qualified as an "other paper" to trigger the removal deadline.[9] In the event this Court finds that email correspondence between counsel for the parties is not sufficient to trigger the thirty-day removal period, then Infrassure reserves the right to supplement and/or amend this Notice of Removal to include the motion to dismiss the Settling Defendants in state court, the state court order dismissing the Settling Defendants with prejudice, and/or any other paper that confirms the state court case is removable.[10]

In the alternative, and to the extent Plaintiffs are attempting to delay the final settlement and dismissal of the Settling Defendants to prevent Infrassure from timely removing this case to federal court, Infrassure argues that the Settling Defendants remain improperly joined.[11] Because Plaintiffs have settled the state court action with the Settling Defendants, "there is no possibility of recovery by the plaintiff against an in-state defendant, which . . . means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[12] For these reasons, the Settling Defendants should not be considered to determine complete diversity of citizenship and their consent is not required.[13]

---

[9] *Clipper Telecommunications, Inc. v. ETS Payphones, Inc.*, 2008 WL 2368094, at *1 (W.D. Tex. Mar. 11, 2008); *but see Polk v. Sentry Ins.*, 129 F. Supp. 2d 975, 979 (S.D. Miss. 2000) (recognizing that the 30-day time limit "is triggered only after the removing defendant receives some written notification evidencing an unequivocal abandonment of the plaintiff's claim against any remaining defendants whose citizenships would preclude diversity jurisdiction."); *see also Rawlings v. Prater*, 981 F. Supp. 988 (S.D. Miss. 1997); *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L. Ed. 334 (1939).

[10] *See Richard v. USAA Cas. Ins. Co.*, 2017 WL 8944429, at *2 (M.D. La. Nov. 30, 2017) (Jackson, J.); *see also Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000).

[11] 28 U.S.C. § 1441(b)(2).

[12] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[13] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *see also Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 910 (5th Cir. 2000) ("Federal courts must look to state law to determine whether removal is proper on the ground that the nondiverse defendant is no longer effectively a party to the case. A case may be removed based on any voluntary act of the plaintiff that eliminates that nondiverse defendant from the case.").

**III.     Diversity Jurisdiction: Amount in Controversy Exceeds $75,000.**

In the Petition, Plaintiffs claimed that their damages exceed $22,000,000.00. Exhibit A, Plaintiffs' Petition, at ¶30. Although Plaintiffs have reached a settlement agreement with the Settling Defendants for an undisclosed amount, Plaintiffs' claims against Infrassure still exceed $75,000 because Infrassure's liability is several and not joint, according to the subscribed interest and the capped limits set forth in the applicable insurance policy, which provides that Plaintiffs are insured by Infrassure for a proportion of a covered loss. While specifically denying that Plaintiffs are entitled to coverage under the insurance policy issued by Infrassure, the losses alleged by Plaintiffs against Infrassure would exceed $75,000. Therefore, the amount in controversy requirement for diversity jurisdiction is satisfied.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, which may be removed pursuant to 28 U.S.C. § 1441, because there is complete diversity between Plaintiffs, who are citizens of every state of the United States, and Infrassure, who is a citizen of a foreign state, and the amount in controversy exceeds $75,000.

**IV.     Timeliness of the Notice of Removal.**

Infrassure first received notice via email correspondence of a consummated settlement agreement between Plaintiffs and the Settling Defendants on December 19, 2019.[14] Thereafter, Infrassure received an email from counsel for Plaintiffs on December 30, 2019 that settlement had "not been totally completed at this point,"[15] but suggested Plaintiffs and the Settling Defendants had at least reached a settlement as defined under Louisiana law, and they were merely working to prepare release documents and preparing the tender of settlement funds.

---

[14]   Exhibit B, December 19, 2019 Email Correspondence from Dick Urquhart, counsel for the Settling Defendants, to Tod Phillips, counsel for Infrassure.

[15]   Exhibit C, December 30, 2019 Email Correspondence from Don Cazayoux to Frank Neuner.

In the event this Court finds that neither of these two emails are sufficient to trigger the thirty-day removal period, then Infrassure reserves the right to supplement and/or amend this Notice of Removal to include the forthcoming motion to dismiss the Settling Defendants in state court, the state court order dismissing the Settling Defendants with prejudice, and/or any other paper that further indicates the state court case is removable on the grounds of diversity of citizenship between Plaintiffs and Infrassure.[16]

## V. Venue.

Because the U.S. District Court for the Middle District of Louisiana encompasses East Baton Rouge Parish, which is the parish where the state court action was filed, venue is proper in this Court under 28 U.S.C. § 1441(a).

## VI. Jurisdiction.

Infrassure requests that the U.S. District Court for the Middle District of Louisiana assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

## VII. Notice to Plaintiffs and State Court.

Upon the filing of this Notice of Removal, Infrassure has at the same time given written notice to Plaintiffs and the Settling Defendants, through their counsel of record, by furnishing copies of this Notice of Removal and attachments. Additionally, Infrassure has filed a Notice of this Removal with the 19th Judicial District Court for East Baton Rouge Parish, State of Louisiana in Docket No. 689530, and a copy of this notice is attached as Exhibit D.

Pursuant to 28 U.S.C. § 1446(a), all pleadings filed in the Louisiana state court action are attached as Exhibit E.

---

[16] *See Richard v. USAA Cas. Ins. Co.*, 2017 WL 8944429, at *2 (M.D. La. Nov. 30, 2017) (Jackson, J.); *see also Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000).

## VIII. Reservation of Rights.

By this Notice of Removal, Infrassure does not waive any defenses and objections it may have to this action. Infrassure does not intend any admission of fact, law, or liability by this Notice of Removal and expressly reserves all defenses, motions, and/or pleas. Infrassure reveres the right to supplement and/or amend this Notice of Removal.

## IX. Conclusion.

WHEREFORE, because all of the requirements for removal under 28 U.S.C. §§ 1441 and 1446 have been satisfied, including all jurisdictional requirements under 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiffs and Infrassure and the amount in controversy exceeds $75,000, Infrassure hereby gives notice that it removes this case to the U.S. District Court for the Middle District of Louisiana.

Respectfully submitted,

**NEUNERPATE**

By:  */s/ Phillip M. Smith*
Frank X. Neuner, Jr. – La. Bar No. 7674
(fneuner@neunerpate.com)
Phillip M. Smith – La. Bar No. 37314
(psmith@neunerpate.com)
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
Telephone:    337-237-7000
Fax:               337-233-9450

-and-

**WRIGHT CLOSE & BARGER, LLP**
Tod A. Phillips, Texas Bar No. 15955800
(phillips@wrightclosebarger.com)
Lisa M. Wright, Texas Bar No. 24089367
(lwright@wrightclosebarger.com)
One Riverway, Suite 2200
Houston, TX 77056
Telephone: 713-572-4321
*Motion Pro Hac Vice to be Filed*

*Attorneys for Infrassure, Ltd.*

## Certificate of Service

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

| | | | |
|---|---|---|---|
| ☐ | Hand delivery | ☐ | Prepaid U.S. Mail |
| ☑ | Facsimile/Electronic Mail | ☐ | Federal Express |
| ☐ | Certified Mail/Return Receipt Requested | ☑ | CM/ECF |

Lafayette, Louisiana on January 8, 2020.

*/s/ Phillip M. Smith*
COUNSEL